IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-00429 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RETURN OF SEIZED PROPERTY** |
| v. | |
| DYLAN CARLE STAUB, | |
| Defendant. | |

On September 3, 2013, defendant filed a *pro se* "motion for return of seized property" pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. Defendant's motion states that $106,000[1] was seized from him on October 15, 2008, and he requests that the money be returned to him. Defendant's motion does not assert a basis for the return of the forfeited money.

On September 18, 2013, the Court set a briefing schedule specifying that any opposition to defendant's motion must be filed and served on or before September 25, 2013, and that any reply shall be filed and served on or before October 2, 2013. The government filed an opposition on September 25, 2013. Defendant did not file a reply.

As an initial matter, the Court construes defendant's motion as a motion to set aside forfeiture filed under 18 U.S.C. § 983(e). *See* 18 U.S.C. § 983(e)(5) ("A motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture

---

[1] The record before the Court shows that the amount seized was $106,500.

1 statute."); *United States v. Sims*, 376 F.3d 705, 707 (7th Cir. 2004) (18 U.S.C. § 983 applies to forfeiture proceedings begun after August 23, 2000).

The record before the Court shows that $106,500 was seized from defendant's vehicle on October 15, 2008, in San Rafael, California by officers from the San Rafael Police Department. According to the declaration of San Rafael police officer David Casalnuovo, officers responded to a call for service at 12 Tarrant Court, San Rafael, which was defendant's residence. Casalnuovo ¶ 5 & Ex. A (police report).[2] At the time of the seizure, defendant stated that the money did not belong to him and he declined to tell the officers to whom the money belonged. *Id*. Defendant also signed a "Disclaimer of Ownership of Currency or Property" stating that the seized money was not his. Perteet Decl. Ex. 22.

On October 22, 2008, the Drug Enforcement Agency office in San Francisco, California, adopted the seizure and initiated administrative forfeiture proceedings. Rashid Decl. ¶ 4(a). On January 8, 2009, the DEA sent a written notice of the seizure by certified mail, return receipt requested, to defendant at his residence. *Id*. ¶ 4(b) & Ex. 1.[3] The notice stated that if defendant wish to contest the forfeiture, he needed to file a claim with the forfeiture counsel of the DEA by February 12, 2009. *Id*. Ex. 1. On January 10, 2009, an individual signing in the "signature" block accepted the delivery of this notice. *Id*. Ex. 2. The seizure of the money was also published in The Wall Street Journal on January 26, February 2, and February 9, 2009. *Id*. ¶ 4(e).

On March 23, 2009, the DEA office in San Francisco, California, received copies of two letters addressed to the San Rafael Police Department and the Marin County Major Crimes Task Force from J. David Nick, Esq. on behalf of defendant. *Id*. Ex. 13 & 14. The letters stated that Mr. Nick represented defendant, that the seized money belonged to defendant, and demanded the return of the money to defendant. *Id*. On April 16, 2009, the DEA sent Mr. Nick copies of the notice of seizure sent to defendant on January 8, 2009, and a copy of the U.S. Postal Service certified mail receipt and the signed and dated domestic return receipt. *Id*. Ex. 15. On April 27 and May 4, 2009, the DEA received

---

[2] As set forth in the police report, a neighbor complained that defendant was driving a vehicle at a high rate of speed on the street, and officers determined that defendant's vehicle had an expired registration. Officers conducted an inventory search of the vehicle and found a paper bag containing $106,500.

[3] Notice was also sent by certified mail to defendant's father and to a third individual.

2

1 claims for seized property from Mr. Nick on behalf of defendant. *Id.* Ex. 17 & 18. On May 18, 2009, the DEA rejected the claims as untimely. *Id.* Ex. 19. On July 31, 2009, the seized money was forfeited to the United States pursuant to 19 U.S.C. § 1609. *Id.* Ex. 21.

Although defendant's motion does not state a basis for the return of the forfeited money, prior to the forfeiture defendant asserted (through Mr. Nick) that he had not received the January 8, 2009 Notice of Seizure. *Id.* Ex. 18. The Supreme Court has held that in a forfeiture action, the government is required to provide notice that is "reasonably calculated under all the circumstances" to provide actual notice to the potential claimant, but that the government is not required to prove that the claimant actually receive the notice. *Dusenbery v. United States*, 534 U.S. 161, 171-73 (2002) (holding due process satisfied where notice of forfeiture was sent by certified mail to federal prison where claimant was incarcerated, residence where arrest occurred, and address in town where his mother lived); *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005) ("Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice.").

Based upon the record before the Court, the Court concludes that the government provided notice to defendant that was "reasonably calculated under all the circumstances" to provide actual notice. The government sent notice to defendant of its intent to forfeit the seized currency by certified mail to defendant's known address, and on January 10, 2009, an individual accepted delivery of the notice of seizure. Defendant's motion seeking return of the forfeited money does not provide any basis for setting aside the forfeiture, and accordingly the Court DENIES defendant's motion. Docket No. 45.

**IT IS SO ORDERED.**

Dated:   October 17, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

3